IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY LOGAN, 09096938, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-998-P |
| | ) | |
| STATE OF TEXAS, ET AL., | ) | |
| Defendants. | ) | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff, a state prisoner, filed this complaint pursuant to 42 U.S.C. § 1983, as well as Texas and Tennessee state law. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the State of Texas, the State of Tennessee, Texas Governor Rick Perry, Tennessee Governor Phil Bredsen, Texas Secretary of State Esperanza Andrade, Texas Extradition Coordinator Sylvia Gallno, Van Zandt County Magistrate Judge NFN Wilcoxson, Dallas County Magistrate Judge Nan Lollar, Van Zandt County Sheriff's Office, Nashville/Davidson County Metropolitan Police Department employees, Tennessee District Attorney Victor Johnson, Davidson County Assistant District Attorneys Michael Donaldson and Roger Moore, Texas District Attorney Leslie Dixon and her employees, Van Zandt County, Sheriff Lupe Valdez, Van Zandt Sheriff Pat Burnett, Dallas County, Davidson County, and Dallas County District Attorney Craig Watkins and his employees.

Petitioner states he was unlawfully held in Van Zandt and Dallas county jails on fugitive warrants from the State of Tennessee. He argues the warrants were invalid because they were not authenticated, that Texas and Tennessee officials did not timely extradite him to Tennessee, and that he was improperly denied release on bond. He states Defendants' actions violated his constitutional rights, as well as Texas and Tennessee state laws. Plaintiff seeks money damages.

## SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## DISCUSSION

**1.** **Texas and Tennessee**

Plaintiff names the States of Texas and Tennessee as Defendants. Under the Eleventh Amendment, however, an unconsenting state is immune from suits brought in federal courts by its own citizens as well as by citizens of another state. *Lapides v. Bd. of Regents of the Univ.*

*Sys. Of Georgia*, 535 U.S. 613, 616 (2002). Plaintiff has not shown that the State of Texas or Tennessee has waived its immunity to suit in federal court. *See Aguilar v. Texas Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) ("Section 1983 does not waive the states' sovereign immunity, . . . and Texas has not consented to this suit."); *Gaines v. Texas Tech University*, 965 F. Supp. 886, 889 (N.D. Tex. 1997) ("Congress has not unequivocally expressed its intention to abrogate the states' sovereign immunity from claims brought pursuant to RICO."); *Hines v. Mississippi Dep't of Corr.*, 239 F.3d 366, 2000 WL 1741624, (5th Cir. 2000) (unpublished) ("Congress did not abrogate the states' immunity in enacting Section 1985."); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981) ("Section 1981 contains no congressional waiver of the state's Eleventh Amendment immunity."). Plaintiff's claims against these Defendants should therefore be dismissed.

**2.     Immunity**

Plaintiff sues Magistrate Judges Wilcoxson and Lollar for actions taken to confine Plaintiff in jail. The United States Supreme Court has recognized absolute judicial immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Plaintiff also sues District Attorneys Watkins, Johnson and Dixon, as well as Assistant District Attorneys Donaldson and Moore. Prosecutors, however, have absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). These Defendants should therefore be dismissed.

**3.     *Heck* Bar**

Plaintiff's § 1983 claims are also barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Heck holds that a state prisoner cannot bring a § 1983 action

challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id*. at 486-87. If so, the claim is barred. *Id*.

Plaintiff claims he was wrongfully confined on invalid warrants and that his extradition has been unlawfully conducted. Such claims necessarily imply the invalidity of Plaintiff's confinement, which has not been declared invalid by a state tribunal or federal court. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

### 4. State Law Claims

Plaintiff states Defendants' actions also violated Texas and Tennessee state law regarding extradition, bond and the legality of warrants. No federal question jurisdiction exist regarding these claims. He has not shown diversity jurisdiction exists for the Texas Defendants because he was a resident of Texas at the time of his detention, and he currently resides in Texas. Plaintiff's Texas state law claims should therefore be dismissed without prejudice to Plaintiff raising these claims in Texas state court.

Although diversity jurisdiction may exist as to the Tennessee Defendants, venue is not proper in this Court. Title 28 U.S.C. § 1391(a) governs venue in federal court. That statute states in pertinent part:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship

may, except as otherwise provided by law, be brought only in (1) a judicial
district where any defendant resides, if all defendants reside in the same State, (2)
a judicial district in which a substantial part of the events or omissions giving rise
to the claim occurred, or a substantial part of property that is the subject of the
action is situated, or (3) a judicial district in which any defendant is subject to
personal jurisdiction at the time the action commenced, if there is no district in
which the action may otherwise be brought.

Plaintiff complains of actions taken by Tennessee Defendants in Tennessee, under Tennessee state law. These claims should be dismissed without prejudice to Plaintiff raising these claims in Tennessee state court.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's § 1983 be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2); and (2) Plaintiff's state law claims be dismissed without prejudice.

Signed this 29th day of June, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).